**FILED**

NOV 0 7 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DELGADO-AVALOS, | ) |
| Petitioner, | ) Cr. No. 08-2389GT |
| | ) Cv. No. 10-2110GT |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

On October 6, 2010, Petitioner, Jesus Delgado-Avalos ("Mr. Delgado"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Delgado argues that his counsel was ineffective for a variety of reasons. The Court has fully considered this matter, including a review of Mr. Delgado's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Delgado's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

First, Mr. Delgado pled guilty, pursuant to a written plea agreement, to three counts of Illegal Entry, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Delgado explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr.

Delgado expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Delgado is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Delgado had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Delgado argues that his counsel was ineffective for a variety of reasons. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. <u>Strickland v. Washington</u> 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). Mr. Delgado has made no showing that he would have gone to trial but for the errors of his counsel. In fact, Mr. Delgado signed a written plea agreement which recommended the 48 month sentence that he received. Accordingly,

**IT IS ORDERED** that Mr. Delgado's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

11-8-11
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter     Petitioner